IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-00065-01-CR-W-DGK |
| ) | |
| BRANDON L. SANDERS, ) | |
| ) | |
| Defendant. ) | |

ORDER

On February 26, 2020, the Grand Jury returned a one-count Indictment charging defendant Brandon L. Sanders with being a felon in possession of a firearm. An arrest warrant was issued for defendant Sanders on February 26, 2020. Defendant Sanders was arrested in Olathe, Kansas, on June 26, 2020, and initially appeared in this court on June 29, 2020. A detention hearing was held before Magistrate Judge Sarah W. Hays on July 1, 2020. Defendant Sanders was detained as both a danger to the community and as a flight risk. The Order of Detention Pending Trial states in part:

> Defendant has six felony convictions in three separate cases including convictions for possession of a controlled substance, first degree robbery, armed criminal action, unlawful possession of a firearm, domestic assault-third degree, and unlawful use of a weapon-exhibiting. Defendant has a pending Jackson County Circuit Court case for stealing. Defendant has committed new offenses while under court supervision. He has performed poorly while under court supervision and violated parole by associating with a felon, failing to report as directed, being a felon in possession of a handgun, fleeing a police officer, careless driving, driving on the wrong side of the road and driving while suspended or revoked. He has a history of PCP use and last used the drug one month ago. As of April 2020, he had 18 active municipal warrants with a bond amount totaling $11,434.50.

(Doc. #11 at 3.)

On October 16, 2020, defendant Sanders filed a Motion to Reconsider Detention Order (Doc. #17).[1]  18 U.S.C. § 3142(f) provides that a detention hearing may be reopened under the following circumstances:

> The [detention] hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Defendant Sanders provides the following in support of his argument to reconsider detention:

> 5. . . . Mr. Sanders has significant ties to the community.  Mr. Sanders is a lifelong resident of the Kansas City area.  Mr. Sanders family lives in the area. He has two children who live in the area.  Mr. Sanders can reside at his residence at 4016 Cleveland, Kansas City, Missouri.  If released on bond Mr. Sanders can return to his employment at Champs Sporting Goods.

(Doc. #17 at 2.)

Most of the information provided by defendant Sanders in support of his argument to reconsider detention was contained within the Pretrial Services Report (Doc. #8).  In addition, counsel for defendant Sanders made the same argument at the detention hearing (i.e. that the defendant can live with his brother, that he has a job at Champs Sporting Goods, that he has

---

[1] Although the motion requests that the Court reconsider the detention order pursuant to 18 U.S.C. § 3145, defense counsel has advised that he is requesting the undersigned to reconsider the detention order, rather than District Judge Greg Kays.  Thus, the Court finds 18 U.S.C. § 3142(f), rather than 18 U.S.C. § 3145, to be the appropriate section to look to in analyzing the defendant's request.  *See United States v. Thomason*, 449 F.Supp.3d 877, 880 (D. Minn. 2019) ("Whereas § 3142(f)(2) allows the magistrate judge to reconsider his or her own decision, § 3145(b) allows a district court judge to review a magistrate judge's decision.")

children who live in the community, and that he has significant ties to the community)[2] that counsel made in the Motion to Reconsider Detention Order.  Therefore, this information was before Magistrate Judge Hays when she ordered defendant Sanders detained.

Having considered the information and argument set out in the defendant's motion, the Court is not convinced that circumstances have changed which would warrant reconsideration of the previously entered Order of Detention Pending Trial.

Accordingly, it is

ORDERED that defendant Sanders's Motion to Reconsider Detention Order (Doc. #17) is denied.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge

---

[2] The Court has listened to the recording of the detention hearing held on July 1, 2020.  While defense counsel advised that he would look at state court records to clear up some confusion relating to a conviction on July 27, 2018, which was referenced in the Pretrial Services Report, counsel did not reserve the right to request a reconsideration after reviewing these records.   In any event, the pending Motion to Reconsider Detention Order does not reference these state court records.